

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

BRAR FAMILY PARTNERSHIP L.P.,           :
                                        :
              *Plaintiff,*               :
                                        :
v.                                      :        Civ. Action No __2:16 cv 277__
                                        :
INTERACTIVE BROKERS LLC,                :        JURY TRIAL DEMANDED
                                        :
BRAR CAPITAL LLC,                       :
                                        :
      and                               :
                                        :
VIKAS BRAR,                             :
                                        :
              *Defendants.*              :

## COMPLAINT FOR DAMAGES

Plaintiff Brar Family Partnership ("BFP" or "the Partnership") by and through its

undersigned counsel of record, for its complaint against Defendants Interactive Brokers LLC

("Interactive"), Brar Capital LLC ("Brar Cap") and Vikas Brar ("Mr. Brar") (Brar Cap and Mr.

Brar are together referred to as "Brar Defendants") (Interactive, Brar Cap and Mr. Brar are

collectively referred to as "Defendants") allege as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction pursuant to 15 U.S.C. § 78aa(a), 28 U.S.C. § 1367, 28

U.S.C. § 1331 and 28 U.S.C. §1332.

2.      Venue is proper in this District pursuant to 15 U.S.C. § 78aa(a), as Defendants

can be found and transact business in this District.  Venue is also proper in this District pursuant

to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated. Venue is
proper in this Division pursuant to this Court's Local Rule 3(B)(3).

Parties

3.      Plaintiff BFP is a Virginia family limited partnership formed in 1992. BFP's
principal place of business is 3869 Old Shell Road Virginia Beach, Virginia 23452. Dr. Parbhur
Singh ("Dr. Parbhur") and his wife Dr. Charanjit Singh ("Dr. Charanjit") are general partners.
Limited partners include their sons, Vikram Singh and Vikrant Singh. The parents and children
also share "Brar" as a family name.

4.      Defendant Interactive is a Connecticut LLC, with its principal place of business at
One Pickwick Plaza-2nd Fl, Greenwich Connecticut 06830. Interactive is a broker-dealer
registered with the Securities and Exchange Commission ("SEC") (SEC 8-47257), the Financial
Industry Regulatory Authority ("FINRA") (CRD No. 36418), as well as various state securities
regulatory agencies, including Connecticut, Florida and Virginia. Interactive is also registered
with the U.S. Commodity Futures Trading Commission as a Futures Commission Merchant and
Forex Dealer Member (and designated Forex Firm) and is a member of the National Futures
Association.

5.      Upon information and belief, Defendant Mr. Brar is an individual citizen of
Florida, residing at 943 Hamilton Place Ln, Lakeland, Florida 33813. Mr. Brar is the nephew of
Dr. Parbhur and Dr. Charanjit. Upon information and belief, at all times relevant to the
Complaint, Mr. Brar was not registered with the SEC, or Florida or Virginia agency as an
investment advisor.

6.      Upon information and belief, Defendant Brar Cap is a Florida LLC, established
and owned by Mr. Brar as an investment advisory, with its principal place of business at 755

2

Christina Lake Drive, Lakeland, Florida 33813. At all times relevant to the Complaint, Brar Cap

was not registered with the SEC, or Florida or Virginia agency as an investment advisor.

Facts Common to All Counts

7.      Upon information and belief, at all times relevant to the Complaint, each of the

Brar Defendants were required to register as investment advisors with the State of Florida and

Commonwealth of Virginia. The Brar Defendants did not register.

8.      Upon information and belief, at all times relevant to the Complaint, the Brar

Defendants held themselves out to the public as investment advisors. Among other methods, the

Brar Defendants used various websites, including its own website (since taken down) and other

websites, such as social media, to advertise its investment advisory services. In addition, the

Brar Defendants used what is known in common parlance as a "Power Point Presentation," to

attract clients from the public.

9.      In holding themselves out to the public, the Brar defendants made such

representations, in words or in substance, as:

• Brar Capital LLC ("Brar Capital" or the "Firm") is a group of managed funds

focused on providing safe returns for its clients through employing a value

investing approach. This provides a roadmap to navigate successfully not only

through market expansion but also through contraction.

• The Firm utilizes a combination of both a "top-down" and "bottoms-up"

strategy in evaluating investment opportunities. Brar Capital seeks to invest in

companies who are well poised to benefit from longer term global and macro

trends.

• Our investment philosophy leads us to construct a portfolio predominantly of

3

large capitalization, U.S. and International based, multinational companies. These companies hold a durable competitive advantage in attractive growth industries and as a result are beneficiaries of increasing market share, product innovation and enhancements in productivity. Brar Capital believes these businesses are most capable of generating superior earnings growth and augmenting cash flow over time, leading to both capital preservation and appreciation.

• The Firm has tremendous flexibility to invest across assets classes (equities, derivatives, etc. and strategies in order to take advantage of market price dislocations caused by fear and greed in the marketplace. Brar Capital remains opportunistic in maximizing value for its clients while minimizing risks.

10.     The Brar Defendants also held themselves out to the public as being *successful* investments advisors, including by use of a "Brar Capital LLC Return Profile" sample client report.

11.     Upon information and belief, the information in the two proceeding paragraphs by the Brar Defendants contained misleading statements and omitted statements necessary to make other statements not misleading.

12.     Upon information and belief, Interactive facilitated the investment advisor activities of the Brar Defendants by setting up a master account for either or both of the Brar Defendants and sub-accounts of the master account(s) for each client of the Brar Defendants.

13.     Upon information and belief, all transactions for clients of the Brar Defendants were effected in the Interactive Brokers accounts.

14.     Upon information and belief, to the extent that the Brar Defendants charged client fees, Interactive deducted investment advisor fees from those client accounts and deposited the fees into a master account of the Brar Defendants.

15.     Upon information and belief, Interactive received a commission for executing each trade.

16.     Upon information and belief, all correspondence between Interactive and the Brar Defendants during the time relevant to the Complaint went to the business address of the Brar Defendants in Florida.

17.     Upon information and belief, Interactive knew that the Brar Defendants were operating as an investment advisor(s) in Florida during the time period Interactive maintained client accounts for the Brar Defendants including that of BFP.

18.     Upon information and belief, Interactive knew that the Brar Defendants were not registered as investment advisor(s) in Florida during the time period Interactive maintained client accounts for the Brar Defendants, including the account of BFP.

19.     Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Florida prior to facilitating the Brar Defendants' unlawful investment advisor activity in Florida, including with regard to BFP.

20.     Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Florida prior to August 1, 2015.

5

21.     By documents dated in March 2012, the Brar Defendants opened an account for BFP with Interactive Brokers, naming Vikas S. Brar as "Financial Advisor" and Brar Capital as "Name of Advisor's Firm." The account was opened by means of an Interactive Brokers form entitled "Interactive Brokers LLC Account Application for Financial Advisor Clients For Trust Accounts.

22.     Upon information and belief, the BFP account was opened as a subaccount to a master account belonging to the Brar Defendants.

23.     Upon information and belief, at all times relevant to the Complaint, the address for the account or subaccount for BFP was in Virginia.

24.     Upon information and belief, Interactive knew that the Brar Defendants were operating as an investment advisor(s) with clients in Virginia, during the time period Interactive maintained client accounts for the Brar Defendants including that of BFP.

25.     Upon information and belief, Interactive knew that the Brar Defendants were not registered as investment advisor(s) in Virginia during the time period Interactive maintained client accounts for the Brar Defendants for clients in Virginia, including the account of BFP.

26.     Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Virginia prior to facilitating the Brar Defendants' unlawful investment advisor activity in Virginia, including with regard to BFP.

27.     Upon information and belief, Interactive failed to perform adequate due diligene with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Virginia prior to August 1, 2015.

28.     During the lifetime of the account, the Partnership deposited by personal check, or transferred, into the account a total of approximately $580,000. It also withdrew a total of $150,000 by check.

29.     Thereafter, Interactive executed trades for the Partnership upon orders placed by the Brar Defendants.  Upon information and belief, Interactive made commissions from the trades and deducted them from the funds in the account maintained for BFP.

30.     The Brar Defendants, facilitated by Interactive, engaged in increasingly highly risky and unsuitable trading for BFP.  Defendants increased the risks to the Partnership by using "margin" to purchase additional securities for the BFP account.

31.     Between 2012 and 2014, the Partnership's account traded a variety of stocks and options.  But, by August 2015, the Partnership's account consisted almost entirely of options positions that would change in value based on the CBOE Volatility Index (commonly known as "VIX" or the "fear" index), including options on VXX (VXX is an exchange-traded note (an "ETN") designed to provide investors with exposure to the VIX).

32.     Upon information and belief, neither VIX nor VXX can be margined by Interactive.

33.     At the close of the U.S. markets on Thursday, August 20, 2015, the Partnership's account was worth nearly $1.8 million, consisting of non-marginable securities on margin.

34.     As of August 21, the Partnership's account consisted of just three short VXX call options positions.  These short call options were all "naked" call positions, meaning that the Partnership did not own any of the underlying VXX ETN.  Holding a naked call position is risky because losses can be theoretically unlimited.

35.     By the end of the day on August 21, the account's net asset value had dropped by
$459,006.78, from $1,759,801.79 to $1,300,795.

36.     In the early morning hours of August 24 (at 12:21 a.m.), the Partnership's account
had a margin deficiency of $1,348,267.83, in violation of its margin requirements.

37.     By 9:46 a.m., the margin deficit had increased to $1,571,926.36, and the value of
the account had dropped to $874,336.26.

38.     At 9:47 a.m. on Monday, August 24, before Interactive had liquidated any
positions in the Partnership's account, the account's net asset value had had fallen nearly 50%,
from $1,300,795.01 at the close of the previous trading day on August 21, to $651,811.26, with a
margin deficiency of $1,794,451.36.

39.     Following the liquidation of all positions in the account, Interactive claimed BFP
owed Interactive Brokers approximately $1.72 million.

40.     Thus, from August 20, 2015, the Partnership account fell from a positive value of
nearly $1.8 million to a negative value of $1.72 million, approximately a $3.2 million swing or
an astonishing loss of almost $3.5 million on a net capital investment of $430,000.

41.     Interactive has demanded more than $1.72 million from BFP.

42.     Upon information and belief, Interactive used a proprietary auto-liquidation
system in liquidating the Partnership's account and other account of other clients of Interactive.
Upon information and belief, Interactive's system of liquidation caused or exacerbated losses
from the liquidation process.  Upon information and belief, the liquidation was not done in a
commercially reasonable manner.

43.     BFP has been damaged as a proximate cause of the activities of Defendants.

44.     Defendants are liable to BFP for its damages, including interest, costs and attorneys' fees.

## COUNT I
### (Violations of § 10(b) of the Securities Exchange Act, 15 USC 78j, and Rule 10b-5 promulgated thereunder by the SEC

45.     The foregoing allegations are realleged hereat, as if set forth in full.

46.     Interactive facilitated the operations of the unregistered Brar Defendants.

47.     Securities margined by Defendants in Plaintiffs' account were not eligible for margin.

48.     Interactive's system of liquidation was flawed, which flaws played out in the liquidation of BFP's account.

49.     Defendants' conduct constituted acts, practices or a course of business which operated as a deceit upon BFP (which made a net investment of $430,000 and from which Interactive now seeks more than $1,720,000 on top of the complete loss of BFP's investment).

50.     Defendants' conduct was in connection with the purchase of sale of a security.

51.     Defendants' conduct caused BFP losses and Defendants are jointly and severally liable to BFP for the losses.

## COUNT II
### (Registration Violations of Florida Blue Sky Law, §§ 517.12, 517.211 Fla. Stat. )

52.     The foregoing allegations are realleged hereat, as if set forth in full.

53.     Defendants Mr. Brar and Brar Cap were each required to be registered as investment advisors with the State of Florida pursuant to its blue sky laws.

54.     However, at no time relevant to the Complaint was Mr. Brar or Brar Cap registered with the State of Florida.

55.     Interactive facilitated the unregistered investment activity by the Brar Defendants. Interactive acted as agent for the Brar Defendants, and participated and aided in making sales of securities by the Brar Defendants.

56.     BFP has suffered damages as a proximate cause of Defendants' conduct.

57.     Defendants are jointly and severally liable to BFP for its damages, interest, costs and attorneys' fees.

COUNT III
(Registration Violations of Virginia Blue Sky Laws,
Va. Code Ann. §§ 13.1-501, 522)

58.     The foregoing allegations are realleged hereat, as if set forth in full.

59.     Defendants Mr. Brar and Brar Cap were each required to be registered as investment advisors with the Commonwealth of Virginia pursuant to its blue sky laws.

60.     However, at no time relevant to the Complaint was Mr. Brar or Brar Cap registered with the Commonwealth of Virginia.

61.     Interactive facilitated the unregistered investment activity by the Brar Defendants. Interactive acted as agent for the Brar Defendants, participated and aided in making sales of securities by the Brar Defendants.

62.     Defendants, are jointly and severally liable to BFP under the blue sky laws of Florida for BFP's damages, interest, costs and attorneys' fees.

COUNT IV
(Wrongful Liquidation under Contract)

63.     The foregoing allegations are realleged hereat, as if set forth in full.

64.     Interactive's standard form of contract allows Interactive authority "to liquidate account positions in order to satisfy Margin Requirements without prior notice."

65.     Upon information and belief, the liquidation process used by Interactive,

including its auto-liquidation program caused liquidations that were not necessary to satisfy margin requirements in the BFP account.

66.     When contracting with clients, Interactive agrees to be bound by and follow all applicable rules and regulations.

67.     The manner in which Interactive liquidated the BFP account was not in compliance with all applicable rules and regulations.

68.     The conduct by Interactive in liquidating BFP's account breached its contract with BFP.

69.     Interactive's breach of its contract caused BFP damages.

70.     BFP is entitled to recover its damages from Interactive, including interest, costs and attorneys.

COUNT V<br>(Failure to Liquidate in a Commercially Reasonable Manner)

71.     The foregoing allegations are realleged hereat, as if set forth in full.

72.     In liquidating BFP's account, Interactive did so in a manner which was not commercially reasonable.

73.     Interactive's failure to liquidate BFP's account in a commercially reasonable manner caused damages to BFP.

74.     BFP is entitled to recover its damages from Interactive, including its attorneys' fees and costs.

COUNT VI<br>(Negligence)

75.     The foregoing allegations are realleged hereat, as if set forth in full.

76.     Interactives' conduct in facilitating the investment advisor activity of the Brar

Defendants was negligent.

77.     Interactive's negligence cause damages to BFP.

78.     BFP is entitle to recover its damages from Interactive, including its attorneys' fees and costs.


### Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court grant them damages in the amount of $3,484,905, interest, costs and attorneys' fees, and such other and further relief as to the Court seems just and proper.

Respectfully submitted,


_____ (#41166)
Arthur M. Schwartzstein, P.C.
1629 K Street NW Suite 300
Washington DC 20006
Tel. (703) 370-4000
amslaw@aol.com

Attorney for Plaintiffs Dr. Charanjit Singh and Dr. Parbhur Singh


Dated:  June 6, 2016